IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| ALLEN DALE GOLDEN, #134190, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL CASE NO. 3:12cv63-WHA |
| | ) | (WO) |
| J. C. GILES, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

In this 28 U.S.C. § 2254 action, petitioner Allen Dale Golden seeks habeas relief from sentences of imprisonment imposed on him by the Circuit Court of Tallapoosa County in 2008. Pursuant to Rules 8(a), *Rules Governing Section 2254 Cases in the United States District Courts*, the court concludes that the petition for habeas corpus relief is due to be denied.

## PROCEDURAL HISTORY

On April 8, 2008, Golden was convicted following a jury trial inTallapoosa County Circuit Court of first degree sexual abuse[1] and first degree sodomy.[2] Golden was sentenced on May 7, 2008, to concurrent terms of twenty years' imprisonment and life imprisonment. Represented by new, appointed counsel Golden appealed to the Alabama Court of Criminal Appeals raising only a prior bad acts evidentiary issue. The appellate court affirmed

---

[1] ALA. CODE § 13A-6-69.1.

[2] ALA. CODE § 13A-6-63.

Golden's conviction on April 24, 2009.  Golden did not file a petition for certiorari review

to the Alabama Supreme Court; consequently, a certificate of judgment was entered by the

Alabama Court of Criminal Appeals on May 13, 2009.

Golden filed a ALA. R. CRIM. P. 32 post-conviction petition for relief from conviction

on May 10, 2010.  (Doc. # 10-8 at 11).  Golden later amended his petition with a plethora of

claims but to no avail.  The trial court summarily dismissed the petition on June 24, 2010.

(Doc. # 10-8 at 64).  Golden appealed.  After briefing was complete, the Alabama Court of

Criminal Appeals affirmed the dismissal of the petition in a memorandum opinion.  (Doc.

# 10-13).[3]  After his application for rehearing was denied, Golden filed a petition for writ

of certiorari in the Alabama Supreme Court.  That court denied the petition, and judgment

of conviction was entered on April 8, 2011. (Doc. # 10-17).

Golden filed this 28 U.S.C. § 2254 petition for habeas relief on January 19, 2012.[4]

The respondents filed an answer in which they argue that Golden's habeas petition is barred

by the one-year limitation period applicable to 28 U.S.C. § 2254 petitions.  *See* 28 U.S.C. §

2244(d)(1).[5]  Specifically, the respondents contend that because Golden's sexual abuse and

sodomy convictions became final in 2009, Golden must have filed his § 2254 petition within

---

[3]  That opinion states that Golden's post-conviction petition was "deemed filed on May 12, 2010." However, as earlier noted, the petition is dated May 10, 2010.  The court concludes, applying the "mailbox rule," *see Houston v. Lack*, 487 U.S. 266 (1988), that the earlier date should be considered the date of filing.

[4]  While the petition was docketed on January 23, 2012, the court will consider the date the petition was signed as the filing date.

[5]  Subsection (d) was added by the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA") which became effective on April 24, 1996.

2

one year of the convictions becoming final, exclusive of the time that any properly filed state post-conviction petition related to the convictions remained pending in the state courts. The respondents acknowledge that on May 10, 2010, Golden filed a state post-conviction petition under ALA. R. CRIM. P. 32, which tolled the limitation period until the appellate court's judgment on April 8, 2011, the date on which the Alabama Supreme Court issued the certificate of judgment affirming the denial of Golden's post-conviction petition.  The respondents maintain, however, that even allowing tolling of the federal limitation period during the pendency of Golden's state post-conviction petition, the limitation period expired prior to Golden filing the present federal habeas petition.  (Doc. # 10 at 8-11).  *See Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) ("While a 'properly filed' application for post-conviction relief tolls the statute of limitations, it does not reset or restart the statute of limitations...."); *Tinker v. Moore*, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001) ("[A] properly filed petition in state court only tolls the time remaining within the federal limitation period.").  Thus, the respondents argue the current habeas petition is due to be dismissed as untimely because it was filed after expiration of the one-year limitation period.

The record before the court demonstrates that Golden failed to file his § 2254 petition within the one-year period of limitation mandated by applicable federal law.  28 U.S.C. § 2244(d)(1)(A) directs that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run on the date when the time for seeking direct review of the challenged judgment expires.  Where a petitioner preserves his right to file a petition for writ of certiorari in the United States Supreme Court, the statute of limitations is tolled during the ninety-day period

in which such action may be undertaken. *Jimenez v. Quarterman*, 555 U.S. 113, 118-19 (2009) (conviction becomes final when conviction is affirmed on the merits or petition for certiorari is denied, or if the inmate chooses not to seek review, when "the time for filing a certiorari petition expires."); *Nix v. Sec'y for Dept. of Corrs.*, 393 F.3d 1235, 1236 (11th Cir. 2004). Accordingly, a state court judgment of conviction becomes final under 28 U.S.C. § 2244 when the Supreme Court denies certiorari or the time to apply for certiorari expires. *Jimenez*, 555 U.S. at 119. However, the ninety day period in which to seek certiorari from the United States Supreme Court is not counted towards the one-year period of limitation only when a petitioner preserves his right to seek this relief.

The Circuit Court of Tallapoosa County convicted Golden of sexual abuse and sodomy on April 8, 2008. The court subsequently sentenced Golden for these convictions on May 7, 2008. Golden filed a direct appeal and the Alabama Court of Criminal Appeals issued a memorandum opinion on April 24, 2009, affirming the sexual abuse and sodomy convictions. Golden did not further appeal his convictions and the certificate of judgment therefore issued on May 13, 2009. Because Golden failed to seek relief from the Alabama Supreme Court, he could not petition the United States Supreme Court for review of his convictions, and the time for seeking review of his convictions therefore elapsed upon the expiration of the time for filing an application for rehearing with the Alabama Court of Criminal Appeals.[6] Thus, Golden's convictions for first degree sexual abuse and first degree

---

[6] The time for filing an application for rehearing with the Alabama Court of Criminal Appeals is fourteen (14) days from issuance of the opinion affirming his convictions. ALA. R. APP. P. 39(c)(2).

sodomy became final, at the latest, on May 13, 2009, upon the issuance of the certificate of judgment. Thus, the one-year limitation period contained in section 2244(d)(1)(A) began to run on May 14, 2009.

28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." The record conclusively shows that the limitation period ran for 361 days after Golden's conviction became final until his filing a Rule 32 post-petition in the Circuit Court of Tallapoosa County on May 10, 2010. This petition remained pending in the state courts until issuance of the certificate of judgment by the Alabama Supreme Court on April 8, 2011. At this time, Golden had only 4 days remaining within which to timely file a federal habeas petition. The federal limitation period began to run again on April 9, 2011 and ran without interruption until its expiration on April 12, 2011. Thus, the respondents are correct; the one-year period of limitation established in 28 U.S.C. § 2244(d)(1) expired over 9 months prior to Golden filing his 28 U.S.C. § 2254 petition with this court on January 19, 2012.

After the respondents filed their answer (doc. # 10) contending that Golden's claims should not be considered by the court because his petition was untimely,[7] the court afforded Golden an opportunity to show cause why his petition should not be dismissed on that ground. (Doc. # 11). Golden's response reiterates his substantive claims and his claims of

---

[7] The respondents also contend that Golden's claims are procedurally defaulted. Because the court concludes that Golden's petition is untimely and that this untimeliness is not excused by equitable tolling or a showing of actual innocence, discussion of the default is not necessary.

ineffective assistance of counsel, but he does not address at all the limitations issue.[8]  (Doc. # 16).

However, Golden does advert in several instances to his actual innocence. Consequently, the court entered a show cause order (doc. # 17) giving the respondents an opportunity to respond to Golden's actual innocence claim.  Golden then filed his response, and, finally, in this response he addresses the limitations question contending that he was prevented from timely filing.  The court now turns first to whether he is entitled to equitable tolling of the limitations period and then to the question of his actual innocence.

The limitation period in 28 U.S.C. § 2244(d)(1) "may be equitably tolled" on grounds apart from those specified in the habeas statute"when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence."  *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999); *see also Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000); *Knight v. Schofield*, 292 F.3d 709, 711 (11th Cir. 2002).  Equitable tolling applies only in truly extraordinary circumstances.  *Jones v. United States*, 304 F.3d 1035, 1039-1040 (11th Cir. 2002).  "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner."  *Drew v. Dep't of Corrs.*, 297 F.3d 1278, 1286 (11th Cir. 2002); *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (petitioner bears the burden of alleging facts and appropriate evidence that would give

---

[8]  Frankly, it appears that Golden confuses the question of procedural default with the statute of limitations question.  For example, Golden contends that he was unable to present all of his claims on direct appeal because the appellate court refused to allow him to represent himself and appointed appellate counsel for him.  *See e.g.*, Answer to Show Cause.  (Doc. # 16 at 6).

rise to equitable tolling).   AEDPA's one-year period of limitation is subject to equitable

tolling but only when a petitioner "shows '(1) that he has been pursuing his rights diligently,

and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."

*Holland v. Florida*, 560 U.S. 631, 649 (2010).

Golden fails to meet his stringent burden.   He contends that the "State of Alabama

prevented him from filing on time his Habeas Corpus . . ." because it denied him his *pro se*

right to appeal.[9]   (Doc. # 19 at 11).   But deficiencies in Golden's direct appeal have nothing

to do with his failure to timely file his state post-conviction petition to stop the federal

limitations period running or his failure to timely file his federal petition.   Golden's

convictions became final by operation of law on May 13, 2009.   He did not file his post-

conviction motion in state court until May 10, 2010, and other than his claim about the denial

of his right to represent himself on direct appeal, he offers no cogent explanation for this

delay.[10]   Indeed, Golden's own statements in his responses show that he was well aware of

the need to file a post-conviction petition in state court to raise his ineffectiveness claims.

> Golden avers, that "Due" to the state precluding Golden from Review in his
> first allowed pro-se filing attacking his Illegal Conviction and sentence, the the
> only means available to Golden according to Alec Brown (Attorney of Record)
> in Goldens first Appeal . . .   was for Golden to File a Rule 32, Petition, and
> that Golden had claims for inffective assistance fo Counsel.   You/Golden may

---

[9]   This same contention is raised throughout Golden's response. (Doc. # 19 at 5-6, 8-9, 14, 17 & 20).

[10]   The court recognizes that Golden proceeding *pro se* with his state post-conviction which raised ineffective assistance of counsel claims.   However, the Eleventh Circuit has concluded that *Martinez v. Ryan*, --- U.S. ---, 132 S.Ct. 1309 (2012), has no application to the operation or tolling of the § 2244(d) statute of limitations.   *Lambrix v. Sec'y, Fla. Dep't of Corrs.*, 756 F.3d 1246, 1262 (11th Cir.) *cert. denied sub nom*. *Lambrix v. Crews*, — U.S. —, 135 S. Ct. 64 (2014).

file such a petition against either Trial Counsel or (me) Alec Brown, or "Both". As there is a Potential for a conflict should you choose to file such a claim against me, I have included with this letter a copy of my Motion to Withdraw which I will be filing with the court.

(Doc. # 19 at 4).

Golden goes on to state that this letter from his appellate counsel was dated June 15, 2009. Golden has not shown that he was diligent in pursuing his rights or that some extraordinary circumstance stood in his way preventing him from timely filing a federal petition. Golden is not entitled to equitable tolling of the limitations period.

The court now turns to Golden's claim of actual innocence. In *McQuiggin v. Perkins*, — U.S. —, —, 133 S.Ct. 1924, 1928 (2013), the Court concluded that a proper showing of "actual innocence" is sufficient to circumvent AEDPA's limitations period. In other words, actual innocence, if proved, serves as a gateway through which a habeas petitioner may pass whether the impediment to consideration of the merits of a constitutional claim is a procedural bar or the expiration of AEDPA's limitations period. To demonstrate his actual innocence, Golden must present new reliable evidence that was not presented at trial and must show that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt in light of the new evidence. *Rozzelle v. Sec'y, Florida Dep't of Corr.*, 672 F.3d 1000, 1011 (11th Cir. 2012). Golden fails to make this showing. For ease of understanding, the court will set forth Golden's contentions in outline fashion.

- Golden contends that no DNA testing was done and the prosecution and the court withheld eyewitness evidence which would have cleared

him.[11]  (Doc. # 16 at 6 & 56).

- If the victim's two brothers had been called to testify, they would have
  provided exculpatory evidence and contradicted the victim's testimony.
  (Doc. # 16 at 16-17).

- Golden alleges that the victim's two brothers were in the living room
  watching TV and would have heard of any abuse or any contact
  between the victim and Golden which would have created reasonable
  doubt.  (Doc. # 16 at 44).

First, the absence of evidence is not new, reliable evidence.  Secondly, the "evidence"
which Golden identifies is not new at all because all of it was available to him at the time of
trial.  His contentions about new evidence amount to nothing more than mere conclusory
speculation about the effect that different evidentiary presentations would have had on a jury.

A petitioner must raise "sufficient doubt about [his] guilt to undermine confidence in
the result of the trial."  *Arthur v. Allen*, 452 F.3d 1234, 1245 (11th Cir. 2006).  "'[A]ctual
innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*,
523 U.S. 614, 623 (1998).

Golden has not raised doubt sufficient to undermine confidence in the result of his
trial.  For these reasons, Golden's habeas petition is due to be dismissed with prejudice
because he failed to file his § 2254 petition within the time allowed by 28 U.S.C. §
2254(d)(1).

---

[11]  Regarding his DNA claim, Golden makes this bizarre statement.  "[I]f D.N.A. testing had been
performed, taken from the alleged victim  . . .  The results would have proven either Golden is guilty for he
is innocence."  (Doc. # 16 at 56).  And he further alleges that DNA testing would have established reasonable
doubt.

## CONCLUSION

Accordingly, it is the Recommendation of the Magistrate Judge that the petition for habeas corpus relief be denied and that this case be dismissed with prejudice.  It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before March 18, 2015**.  A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 4th day of March, 2015.


_____/s/Charles S. Coody_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE